NATIONAL RIGHT TO WORK COM-
MITTEE, INC., et al., Appellants,

v.

FEDERAL ELECTION COMMISSION,
et al.

FEDERAL ELECTION COMMISSION

v.

NATIONAL RIGHT TO WORK COM-
MITTEE, INC., et al., Appellants.

Nos. 80–1487, 80–1488.

United States Court of Appeals,
District of Columbia Circuit.

Argued May 19, 1981.

Opinion for the Court issued
Sept. 4, 1981.

Decided Sept. 2, 1983.

As Amended Nov. 30, 1983.

Appeals from the United States District Court for the District of Columbia (D.C. Civil Action Nos. 78–0315 and 77–2175).

Richard H. Mansfield, III, Washington, D.C., with whom Alan P. Dye and Richard J. Clair, Washington, D.C., were on the brief, for appellants.

Miriam Aguiar, Federal Election Com'n, Washington, D.C., with whom Charles N. Steele, Gen. Counsel, Kathleen Imig Perkins, Asst. Gen. Counsel and Jeffrey H. Bowman, Federal Election Com'n, Washington, D.C., were on the brief, for appellees.

Before TAMM and WILKEY, Circuit Judges, and HOMER THORNBERRY,* Senior Circuit Judge for the Fifth Circuit.

Opinion for the court filed by Senior Circuit Judge THORNBERRY.

THORNBERRY, Senior Circuit Judge:

This case is before us on remand from the United States Supreme Court. The facts and issues herein have been set forth at length by the district court and in each of the subsequent decisions. *Federal Election Commission v. Right to Work Committee,* 501 F.Supp. 422 (D.D.C.1980), *rev'd,* 665 F.2d 371 (D.C.Cir.1981), *rev'd,* —— U.S. ——, 103 S.Ct. 552, 74 L.Ed.2d 364 (1982). The relief awarded the Federal Election Commission ("FEC") by the district court included (1) a declaratory judgment that 2 U.S.C. § 441b(b)(4) is not unconstitutional and an order enjoining National Right to Work Committee ("NRWC") and Employee Rights Campaign Committee ("ERCC") from soliciting contributions in violation of the Federal Election Campaign Act ("the Act"); (2) an order requiring NRWC and ERCC to refund to contributors the funds obtained from unlawful solicitations; and (3) an order that NRWC pay a $10,000 civil penalty. 501 F.Supp. at 439–40. The decision of the Supreme Court affirmed the first category of relief, but left open for our consideration the second and third. For the reasons below, we think that the penalties imposed by the district court are unwarranted.

■ We note that the first solicitation was made on May 7, 1976, four days *before* amendments to the Act became effective on May 11, 1976. This first solicitation, then, was governed not by 2 U.S.C. § 441b(a), but by prior law, 18 U.S.C. § 610. Section 610, as in effect on May 7, 1976, prohibited direct contributions and expenditures by national banks, corporations and labor unions in connection with federal elections, but it expressly exempted from the definition of "contribution or expenditure" the "establishment, administration, and solicitation of contributions to a separate segregated fund to be utilized for political purposes by a corporation or labor organization." On its face, then, Section 610 did not prohibit the first solicitation. We hold that there was no violation, and certainly no knowing and willful violation, of the prior statute.

■ The Supreme Court has held that the later solicitations, which were governed by Section 441b, were violations of the amended Act. Although the law may have been violated, we think that the record herein refutes any suggestion that any such violations were "knowing and willful."

The district court was of the view that NRWC and ERCC were well aware that they could not qualify for any of the exceptions. They nonetheless proceeded to solicit persons who were not members of NRWC while at the same time concealing from the regulatory agency the true nature of this relationship. Under these circumstances, the Court concludes there is clear and convincing proof that the violations were "knowing and willful" so as to merit the substantial penalties pro-

---

\* Sitting by designation pursuant to 28 U.S.C. § 294(d) (1976).

vided in Section 437g(h)(7). This provision has only recently been interpreted by the Court of Appeals for this Circuit to require a finding of " 'defiance' or 'knowing, conscious, and deliberate flaunting' [sic] of the Act." *AFL–CIO v. FEC*, 628 F.2d [97], 98, 101 (D.C.Cir.1980), *quoting Frank Irey, Jr., Inc. v. OSHA*, 519 F.2d 1200, 1207 (3rd Cir.1975).

501 F.Supp. at 435. The district court's conclusion that NRWC knowingly and willfully violated the Act was based primarily on its opinion that "NRWC has claimed the membership exception while at the same time proclaiming itself to be without members in nearly every other context." *Id.* Specifically, NRWC failed to provide the FEC with copies of its articles of incorporation and certain filings with the Internal Revenue Service, 508 F.Supp. at 424, 433, 435.

When this case was first before us, we shared NRWC's doubts about the applicability of a state law standard for membership. 665 F.2d at 374. The NRWC requested an opinion on the lawfulness on its solicitations from the FEC and was in no way responsible for the invalidation of the means of appointing FEC commissioners, which forestalled the issuance of an advisory opinion. Further, the term "members" as ultimately defined by the FEC, *see* 501 F.Supp. at 427 n. 7, provided very little guidance to NRWC. We note that during conciliation, NRWC offered to amend its articles of incorporation, but the FEC conditioned acceptance of that offer on the requirement that NRWC take additional undefined "other steps" to become a membership organization. The position of the FEC was, in essence, to force NRWC to change its organizational structure with virtually no guidance and then to review the changes to determine if they were sufficient. Upon reviewing the record, we remain persuaded that the FEC barricaded itself behind NRWC's articles of incorporation through-

out this litigation and avoided the core problem of defining the terms "member" and "membership organization." *See* 665 F.2d at 374 n. 5. In view of (1) the ambiguities in the statute; (2) the failure of the FEC to provide any guidance whatsoever (especially when NRWC made its willingness to comply apparent); and (3) our own prior doubts about the applicability of a state law standard and the relevance of the IRS filings, we are left with a definite and firm conviction that the record does not support a finding of "defiance," or "knowing, conscious, and deliberate flaunting" of the Act.[1]

The orders of the district court requiring NRWC and ERCC to refund all money collected and assessing a civil penalty of $10,000 are therefore REVERSED.

---

**1.** Nothing in this opinion is intended to deprive the district court of its discretion to order other relief appropriate under the Federal Election Campaign Act. We leave open for consideration upon remand, *inter alia*, the propriety of an order requiring the refunding of

funds obtained from solicitations made after the effective date of the amendments to the Act and the levying of a civil penalty pursuant to the provisions of the Act governing violations which have not been found to be knowing and willful.